IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DALLAS LEO-SHANE TURPEN, #319994 | § § | |
| VS. | § § | CIVIL ACTION NO. 4:22cv269 |
| DIRECTOR, TDCJ-CID | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

*Pro se* Petitioner Dallas Leo-Shane Turpen filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was referred to United States Magistrate Judge Christine A. Nowak for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636, and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**I. PROCEDURAL BACKGROUND**

Petitioner is challenging his Collin County conviction for continuous sexual abuse of a child under the age of fourteen, Cause Number 380-82346-2021. A search of Collin County online judicial records reflects that on March 17, 2022, a jury found Petitioner guilty as charged, and he was sentenced to thirty-five years of confinement. Petitioner filed an appeal, and the Fifth District Court of Appeals website shows that the appeal is still pending.

**II. ANALYSIS**

Petitioner's federal habeas petition should be dismissed, without prejudice, for his failure to exhaust required state remedies prior to filing this petition in federal court.

A state prisoner must exhaust all remedies available in state court before proceeding in federal court unless there is an absence of an available state corrective process or circumstances exist which render the state corrective process ineffective to protect the prisoner's rights. 28 U.S.C.

§ 2254(b), (c). In order to exhaust properly, he must "fairly present" all of his claims to the state court. *Picard v. Connor*, 404 U.S. 270, 275 (1971). In Texas, all claims must be presented to and ruled on by the Court of Criminal Appeals of Texas. *Richardson v. Procunier*, 762 F.2d 429, 430 31 (5th Cir. 1985); *Deters v. Collins*, 985 F.2d 789 (5th Cir. 1993).

A federal district court may raise the lack of exhaustion *sua sponte*. *Shute v. State*, 117 F.3d 233, 237 (5th Cir. 1997). It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose v. Lundy*, 455 U.S. 509, 510 (1982). As a matter of comity, the state courts must be given a fair opportunity to hear and consider the claims raised by an applicant before those claims are heard in federal court. *Picard*, 404 U.S. at 275.

In the present case, Petitioner has not exhausted his state remedies. His direct criminal appeal is still pending before the intermediate appellate court. Thus, the Texas Court of Criminal Appeals has not yet ruled on Petitioner's habeas contentions. In other words, the Texas Court of Criminal Appeals did not consider and adjudicate Petitioner's habeas claims prior to his filing this habeas petition in federal court. *See, e.g.*, *Wenceslao v. Quarterman*, 326 F. App'x 789, 790 (5th Cir. 2009) ("The petitioner must provide the state court a 'fair opportunity to pass upon the claim.'") (citing and quoting *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004)).

Moreover, Petitioner has not shown an absence of available State corrective processes or circumstances rendering such processes ineffective to protect his rights. *See Graham v. Johnson*, 94 F.3d 958, 969 (5th Cir. 1996) (citing *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981)). As explained, Petitioner must present these claims to the state courts before moving in federal court—which is designed to protect the relationship "between state and federal courts, respect for the integrity of state court procedures, and a desire to protect the state courts' role in the enforcement of federal

law." *See Nickelson v. Stephens*, 803 F.3d 748, 753 (5th Cir. 2015) (internal citations and quotations omitted). Accordingly, Petitioner's federal habeas petition should be dismissed, without prejudice, for the failure to exhaust state remedies.[1]

### III.  RECOMMENDATION

It is recommended that the above-styled petition filed under 28 U.S.C. § 2254 be dismissed without prejudice for failure to exhaust state remedies.

Within fourteen days after service of the magistrate judge's report, any party must serve and file specific written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(c). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.

Failure to file specific, written objections will bar the party from appealing the unobjected-to factual findings and legal conclusions of the magistrate judge that are accepted by the district court, except upon grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

SIGNED this 14th day of July, 2022.

Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE

---

[1] Petitioner's last known address is Collin County Detention Center in McKinney, Texas. However, Court correspondence mailed to him was returned as undeliverable, noting "unable to forward." (Dkt. #9). It is Petitioner's responsibility to maintain a current address with the Court.